# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 1 2003

at 2 o'clock and 03 min. P M
WALTER A.Y.H. CHINN, CLERK

UNITED STATES OF AMERICA
v.
**HENRY LANI**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number:   1:00CR00196-001

Samuel P. King, Jr., Esq.
Defendant's Attorney

**THE DEFENDANT:**

[✔]  admitted guilt to violation of condition(s) Standard Condition No. 3, Special Condition No. 3, Special Condition No. 1, General Condition, Standard Condition No. 6 of the term of supervision.
[ ]  was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

    The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   03/03/1978

Defendant's USM No.:   87639-022

Defendant's Residence Address:
**80 Pilipaa Street**
**Hilo, Hawaii 96720**

Defendant's Mailing Address:
**80 Pilipaa Street**
**Hilo, Hawaii 96720**

September 22, 2003
Date of Imposition of Sentence

/s/ Helen Gillmor
Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

10-1-03
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

CASE NUMBER:     1:00CR00196-001                                           Judgment - Page 2 of 5
DEFENDANT:       HENRY LANI

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Failed to truthfully answer the Probation Officer's inquiries | 05/12/2003<br>06/16/2003<br>07/29/2003<br>08/07/2003 |
|   | Failed to follow the instructions of the Probation Officer | 07/02/2003 |
| 2 | Failed to report for an intake appointment with the state community mental health branch in Hilo | 05/08/2003 |
| 3 | Refused to comply with drug testing | 07/02/2003<br>08/07/2003<br>08/12/2003 |
|   | Failed to participate in individual counseling | 08/13/2003 |
| 4 | Admitted that he used marijuana | 07/10/2003<br>07/25/2003<br>08/18/2003 |
| 5 | Urine specimens tested positive for marijuana | 07/23/2003<br>07/24/2003<br>07/28/2003<br>08/08/2003 |
| 6 | Failed to notify the Probation Office 10 days prior to a change in residence from the recovery residence operated by Henry Wana | 08/13/2003 |
| 7 | Urine specimen tested positive for marijuana | 08/13/2003 |

CASE NUMBER: 1:00CR00196-001  
DEFENDANT: HENRY LANI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 MONTHS .

[✔]  The court makes the following recommendations to the Bureau of Prisons:  
That the defendant participate in drug treatment, educational and vocational training programs.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.  
    [ ] at ___ on ___.  
    [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:  
    [ ] before _ on ___.  
    [ ] as notified by the United States Marshal.  
    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:      1:00CR00196-001                                    Judgment - Page 4 of 5
DEFENDANT:        HENRY LANI

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 54 MONTHS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:       1:00CR00196-001
DEFENDANT:         HENRY LANI

Judgment - Page 5 of 5

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant provide the Probation Office access to any requested financial information.

5. That the defendant refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

6. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U. S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

7. That following his release from imprisonment, the defendant serve a period of community confinement in a community corrections center such as Miller-Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.

8. That the defendant reside and participate in a structured living program such as The Big Island Public Center until released at the direction and discretion of the Probation Office.