AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 1:00CR00196-001 | Judgment - Page 3 of 5 |
| DEFENDANT: HENRY LANI | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  11 MONTHS .

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✔]  The defendant is remanded to the custody of the United States Marshal.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 7 2006

[ ]  The defendant shall surrender to the United States Marshal for this district: at 3 o'clock and 10 min P M
SUE BEITIA, CLERK
  [ ] at ___ on ___.
  [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before _ on ___.
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  4-18-06  to  FDC Honolulu

at  Honolulu, HI , with a certified copy of this judgment.

John T. Rothman
WARDEN  ~~UNITED STATES MARSHAL~~

By  W. Tsai
LTE  ~~Deputy U.S. Marshal~~

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00196-001 | Judgment - Page 4 of 5 |
| DEFENDANT: | HENRY LANI | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 24 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 1:00CR00196-001 | Judgment - Page 5 of 5 |
| DEFENDANT: HENRY LANI | |

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office access and the Financial Litigation Unit of the U. S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant refrain from the use and possession of beer, wine, liquor and other forms of intoxicants.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U. S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the defendant serve 180 months community confinement, in a community corrections center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

7. That the defendant reside on the island of Oahu and not travel or relocated to the island of Hawaii without the prior approval of the Probation Office.

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

**ORIGINAL**

RECEIVED
2006 MAY 12 AM 9:08
U.S. MARSHALS SERVICE
HONOLULU, HI

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 03 2006

at 2 o'clock and 20 min. P.M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**HENRY LANI**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number:  1:00CR00196-001
USM Number:  87639-022

Pamela J. Byrne, AFPD
Defendant's Attorney

## THE DEFENDANT:

[✔]  admitted guilt to violation of condition(s) Standard Condition No. 6, General Condition, Special Condition No. 2, Standard Condition No. 3, of the term of supervision.
[ ]  was found in violation of condition(s) ____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

U.S. MARSHALS SERVICE
HONOLULU, HI
2006 APR -5 PM 2:47
RECEIVED

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) ____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **0309**

Defendant's Residence Address:
**Pilipaa Street
Hilo, Hawaii 96720**

Defendant's Mailing Address:
**Pilipaa Street
Hilo, Hawaii 96720**

March 22, 2006
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

4·1·06
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District Court, District of Hawaii
By _[signature]_
Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00196-001 | Judgment - Page 2 of 5 |
| DEFENDANT: | HENRY LANI | |

## ADDITIONAL VIOLATION

**Violation Number**      **Nature of Violation**      **Date Violation Concluded**

1. That in or about December 2004 and in or about April 2005, the offender failed to notify the Probation Office 10 days prior to a change in employment

2. That a urine specimen submitted on 7/27/2005 tested positive for methamphetamine and marijuana

3. That on 7/27/2005, the offender admitted to using marijuana, on a daily basis, for at least the previous 30 days; and that on 8/8/2005, the offender admitted to using methamphetamine, on a daily basis, for at least the previous 30 days

4. That on 8/5/2005 and 8/16/2005, the offender refused to comply with drug testing

5. That the offender failed to follow the instructions of the Probation Officer issued on 8/8/2005

6. That on 8/22/2005, the offender failed to participate in a screening and assessment at the Big Island Substance Council (BISAC)

7. That on 1/31/2006, 2/13/2006, 2/14/2006, 2/21/2006, 2/22/2006, and 2/24/2006, the offender failed to follow the instructions of the Probation Office; and that on 2/13/2006, 2/14/2006, and 2/17/2006, the offender failed to answer truthfully the inquires of the Probation Officer