PROB 12C
(Rev. 3/95 D/HI)

ORIGINAL

SEALED BY ORDER OF THE COURT
**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 13 2007

at 10 o'clock and 55 min. A M
SUE BEITIA, CLERK

U.S.A. vs. HENRY LANI                              Docket No. CR 00-00196HG-01

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW FITUINA F. TUA, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of HENRY LANI who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 9th day of April 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant provide the Probation Office access to any requested financial information.

**Revocation on 9/22/2003:** The Court revoked supervised release for the following violations:
1) failed to truthfully answer the Probation Officer's inquiries on 5/12/2003, 6/16/2003, 7/29/2003, and 8/7/2003 and failed to follow the instructions of the Probation Officer on 7/2/2003; 2) failed to report for an intake appointment with the state community mental health branch in Hilo on 5/8/2003; 3) refused to comply with drug testing on 7/2/2003, 8/7/2003, and 8/12/2003 and failed to participate in individual counseling on 8/13/2003; 4) admitted that he used marijuana on 7/10/2003, 7/25/2003, and 8/18/2003; 5) urine specimens tested positive for marijuana on 7/23/2003, 7/24/2003, 7/28/2003, and 8/8/2003; 6) failed to notify the Probation Office 10 days prior to a change in residence from the recovery residence operated by Henry Wana on 8/13/2003; and 7) urine specimen tested positive for marijuana on 8/13/2003.

**Revocation Sentence:** Committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 months with 54 months supervised release with the following special conditions: 1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; 4) That the defendant provide the Probation Office access to any requested financial information; 5) That the defendant refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants; 6) That the defendant shall submit his

SEALED
BY ORDER OF THE COURT

person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 7) That following his release from imprisonment, the defendant serve a period of community confinement in a community corrections center such as Miller Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office; and 8) That the defendant reside and participate in a structured living program such as The Big Island Public Center until released at the direction and discretion of the Probation Office.

**Revocation Hearing on 10/24/2005:** The offender admitted to Violation Nos. 1 through 6 in the revocation petition filed on 8/25/2005 as follows: 1) That in or about December 2004 and in or about April 2005, the offender failed to notify the Probation Office 10 days prior to a change in employment, in violation of Standard Condition No. 6; 2) That a urine specimen submitted on 7/27/2005 tested positive for methamphetamine and marijuana, in violation of the General Condition; 3) That on 7/27/2005, the offender admitted to using marijuana, on a daily basis, for at least the previous 30 days; and that on 8/8/2005, the offender admitted to using methamphetamine, on a daily basis, for at least the previous 30 days, in violation of the General Condition; 4) That on 8/5/2005 and 8/16/2005, the offender refused to comply with drug testing in violation of Special Condition No. 2; 5) That the offender failed to follow the instructions of the Probation Officer issued on 8/8/2005, in violation of Standard Condition No. 3; and 6) That on 8/22/2005, the offender failed to participate in a screening and assessment at the Big Island Substance Abuse Council, in violation of Special Condition No. 2.

**Revocation Sentence (held in abeyance):** The Court accepted the offender's admissions to all of the violations and continued the hearing to 11/7/2005 in order for the offender's defense counsel to find a residential treatment program on Oahu. On 11/7/2005, at a further order to show cause hearing, the offender's defense counsel informed the Court that the offender was accepted into The Salvation Army Adult Rehabilitation Center's residential treatment program for immediate entry. The Court held this matter in abeyance, continued supervised release, and imposed the following special condition: That the defendant shall remain at The Salvation Army Adult Rehabilitation Center until clinically discharged.

**Supplemental Violation:** On 2/28/2006, a Supplemental Request For Course of Action was submitted to the Court and on 3/6/2006, a No Bail warrant was issued for the offender's arrest based on the following violation: 7) That on 1/31/2006, 2/13/2006, 2/14/2006, 2/21/2006, 2/22/2006, and 2/24/2006, the offender failed to follow the instructions of the Probation Office; and that on 2/13/2006, 2/14/2006, and 2/17/2006, the offender failed to answer truthfully the inquires of the Probation Officer.

**Revocation on 3/22/2006:** The Court revoked supervised release based on the Request For Course of Action (Violation Nos. 1 through 6) filed on 8/25/2005 and a Supplemental Request For Course of Action (Violation No. 7) filed on 3/6/2006.

**Revocation Sentence:** The Court imposed 11 months imprisonment followed by 24 months supervised release with the following special conditions:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Prob 12C
(Rev. 3/95 D/HI)

3

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the defendant serve 180 days community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

7. That the defendant reside on the island of Oahu and not travel or relocate to the island of Hawaii without the prior approval of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Amended Judgment attached) as follows :

1. That on or about 8/7/2007, the offender failed to notify the Probation Office 10 days prior to a change in residence and employment, in violation of Standard Condition No. 6.

2. The offender failed to submit in a timely manner Monthly Supervision Reports (MSRs) for the months of March 2007, April 2007, May 2007, and June 2007; and that the offender failed to submit MSRs for July 2007 and August 2007, all in violation of Standard Condition No. 2.

3. That the offender failed to follow instructions issued by the Probation Officer on 8/10/2007, 8/27/2007, and 9/5/2007, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]   The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ]   Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   9/10/2007

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 10th day of September, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:   **LANI, Henry**
      **Criminal No. CR 00-00196HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As background information, the offender pled guilty to Count 1: Conspiracy to Possess With Intent to Distribute Cocaine, a Class B felony. On 4/9/2001, he was sentenced to 24 months imprisonment and 5 years supervised release with the special conditions noted in the petition.

During the offender's first term of supervised release, he served approximately 5 of 60 months of supervised release. During the offender's second term of supervised release, he served approximately 24 of 54 months of supervised release. The violations that resulted in the previous revocations include failing to follow instructions, failing to provide truthful reports, failing to participate in a mental health assessment, failing to participate in substance abuse counseling, using illicit drugs, and failing to notify our office of a change in residence.

During this third term of supervised release, the offender has served approximately 9 of 24 months of supervised release. The offender began his third term of supervised release on 12/11/2006. The offender appears to have engaged in conduct that is similar to some of the violations that resulted in the previous revocations. The offender's adjustment on supervision is evaluated as poor based on the following violations:

**Violation No. 1 - That on or About 8/7/2007, the Offender Failed to Notify the Probation Office 10 Days Prior to a Change in Residence and Employment:**

On 8/7/2007, the offender contacted the Probation Office telephonically and stated that he and his family (common-law wife and daughter) were relocating to Hilo at the end of the week. He stated that they were being evicted from their residence. He insisted that he needed to relocate to Hilo to care for his family and ill mother. He was instructed to report to the Probation Office on 8/7/2007. While at the Probation Office, the offender stated that things were not working out for him on Oahu and that he was relocating to Hilo. The offender's attitude was poor in that he dictated that he was returning to Hilo. He became upset however when told that the Probation Office would not allow him to relocate to Hilo pursuant to the special condition of his supervised release (Special Condition No. 7). He was also told that he moved out of his residence and terminated his employment without good cause. In our attempt to explain the process of relocating to another island, the offender became increasingly upset that the process was time consuming and that he needed to return to Hilo with his family as soon as possible. When advised that the Probation Office would consider allowing him to visit Hilo in the future if he met certain goals, the offender refused to listen and discuss that option. The offender stated that he would prefer to return to prison than to be denied to relocate to Hilo and be with his family. The offender complained that he has nowhere to live on Oahu since he was being evicted. When instructed to enroll into Victory Ohana, a transitional living program, until he is able to

Re: **LANI, Henry**
**Criminal No. CR 00-00196HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

secure employment and find a residence of his own, the offender stated that he would not live in that type of environment.

The offender later contacted the Probation Office telephonically and insisted that this officer has the authority to grant him permission to relocate to Hilo. The offender became upset when instructed that this officer was denying his demand to relocate to Hilo. The offender went on to state that if his mother fell ill and died because he was not in Hilo, that it would be a war. The offender's tone and anger escalated as he stated that this officer was attempting to set him up to fail just like this officer did to his uncle "Joe." The offender then terminated the call.

On 8/9/2007, the offender contacted the Probation Office telephonically and apologized for his outburst on 8/8/2007. The offender stated that he wanted to do the right thing and comply with the terms and conditions of supervised release. He also requested permission to escort his family to Hilo and spend a few days and return to Honolulu. He was instructed to report to the Probation Office on 8/10/2007. On 8/10/2007, we granted the offender permission to escort his family to Hilo departing on 8/13/2007 and returning to Honolulu on 8/20/2007.

**Violation No. 2 - The Offender Failed to Submit in a Timely Manner Monthly Supervision Reports (MSRs) for the Months of March 2007, April 2007, May 2007, and June 2007; and That the Offender Failed to Submit MSRs for July 2007 and August 2007:**

The MSRs are due to the Probation Office no later than the 5th day of each month. In example, the MSR for the month of March was due by April 5th. On 4/20/2007, 6/20/2007, and 7/5/2007, the offender was instructed to submit monthly supervision reports for March through June 2007, respectively. On 7/17/2007, we received the delinquent reports for March through June 2007. On 7/17/2007, the offender was again warned to submit timely monthly supervision reports for subsequent months. As of this writing, the offender has not submitted the reports for the months of July 2007 and August 2007.

**Violation No. 3 - Failure to Follow the Probation Officer's Instructions:**

**Failure to Follow the Probation Officer's Instructions Issued on 8/10/2007:**

On 8/10/2007, the offender was permitted to travel to Hilo, Hawaii, contingent upon his purchase of a round-trip airfare and that he provide the Probation Office with verification of the round-trip ticket prior to departing for Hilo on 8/13/2007. The offender agreed. The offender was scheduled to depart Honolulu for Hilo on 8/13/2007 and was scheduled to return to Honolulu on 8/20/2007. He claimed to be traveling on "Go" airlines. The offender indicated that it was his intention to have his common-law wife submit verification of his

Re:   **LANI, Henry**
      **Criminal No. CR 00-00196HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

airline ticket, but he was instructed to either fax or mail the information that day and no later than 8/13/2007. We did not receive verification of a round-trip ticket from the offender prior to his departure from Honolulu on or about 8/13/2007.

### Failure to Follow the Probation Officer's Instruction Issued on 8/10/2007 and 8/27/2007:

On 8/10/2007, the offender was instructed to report to the Probation Office on 8/20/2007, which was the date of his expected return from Hilo. The offender stated that his flight from Hilo was arriving in the morning of 8/20/2007 and that he would report to the Probation Office on that day. On 8/20/2007, the offender failed to report to the Probation Office.

On 8/27/2007, the offender telephonically contacted the Probation Office and asked about a specific time this Officer wanted to meet with him that day. When instructed to report to the Probation Office at 10:00 a.m. on 8/20/2007, the offender stated that he was still in Hilo and that his flight was scheduled to depart at 10:00 a.m. He then asked if he could return to Oahu on Thursday (8/30/2007) instead because his daughter and common-law wife were flying into Honolulu that day and that he would like to fly with his family. He stated that his daughter was coming to Honolulu to remove the cast from her leg at the Shriner's Hospital in Honolulu. When instructed that he was in violation of his supervised release for failing to report to the Probation Office on 8/20/2007 as instructed on 8/10/2007, the offender admitted to the violation. The offender was instructed to report to the Probation Office on 8/30/2007 at 10:00 a.m. At approximately 8:12 p.m. on 8/29/2007, the offender left a voice mail message for this officer indicating that he could not make the 8/30/2007 appointment. He stated that he did not have the money to pay a $40.00 fee to change his airline ticket. He stated that his daughter would receive her check on Friday (8/31/2007) afternoon and he would use this to pay for the fee to change his airfare. He reported that he would make a reservation to depart Hilo on Monday (9/3/2007). He indicated that he was also helping his mother move from her residence. At 7:30 a.m. on 9/4/2007, we received a telephone voice mail message from the offender indicating that his flight from Hilo was arriving in Honolulu that day at 4:30 p.m.

### Failure to Follow the Probation Officer's Instruction Issued on 9/5/2007:

On 9/5/2007 at approximately 9:15 a.m., the offender was instructed to report to the Probation Office at 12:00 noon on that day. The offender agreed. The offender stated that he was staying with a family in Laie. He inquired if there was a supervised release warrant for his arrest. He was again instructed to report to the Probation Office. At approximately 11:15 a.m., the offender left a voice mail message indicating that he was running late for his 12:00 p.m. appointment. He indicated that he was waiting for a ride from a friend who agreed to drive him to the Probation Office. The offender failed to report to the Probation

Re:   **LANI, Henry**
      **Criminal No. CR 00-00196HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

Office at 12:00 p.m. as instructed at 9:15 a.m. on 9/5/2007. On 9/6/2007 at approximately 7:30 a.m., the offender left a voice mail message apologizing for not reporting to the Probation Office on 9/5/2007. He stated that he did not report to the Probation Office yesterday (9/5/2007) because he has no money for transportation and that he could not report to the Probation Office today for the same reason as well. He stated that his daughter and common-law wife were arriving in Honolulu on 9/7/2007 and that they would pick him up and take him to the Probation Office.

On 9/7/2007, the offender failed to report to the Probation Office pursuant to his telephone message of 9/6/2007. At this time, the offender's whereabouts are unknown.

The violations are indicative of the offender's lack of respect for authority, in particular, his lack of motivation and unwillingness to comply with the terms and conditions of supervised release. The offender has now failed supervised release for the third time and the violations all appear to be consistent with his unwillingness to comply and follow the Probation Officer's instructions. The offender appears to have purposely evaded the Probation Office by not returning to Honolulu as instructed. Of concern is the extent of the offender's prior drug history involving methamphetamine and marijuana, coupled with the offender's criminal history that includes Assault in the Second Degree and previous mental health diagnosis that he suffers from a violent explosive disorder. His demeanor and attitude towards this Officer and statements that if his mother dies because he is not in Hilo, it would be war, are cause for concern and suggest that the offender may pose a danger to the community. It is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Re:   **LANI, Henry**
      **Criminal No. CR 00-00196HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**


## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant reside on the island of Oahu and not travel or relocate to the island of Hawaii without the prior approval of the Probation Office.

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 12 2006

at __8__ o'clock and __35__ min __A__ M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

'06 APR 13 P4:20
RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

UNITED STATES OF AMERICA
v.
HENRY LANI
(Defendant's Name)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: 1:00CR00196-001
USM Number: 87639-022
Pamela J. Byrne, AFPD
Defendant's Attorney

**THE DEFENDANT:**

[✓] admitted guilt to violation of condition(s) Standard Condition No. 6, General Condition, Special Condition No. 2, Standard Condition No. 3, of the term of supervision.

[ ] was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 0309

Defendant's Residence Address:
Pilipaa Street
Hilo, Hawaii 96720

Defendant's Mailing Address:
Pilipaa Street
Hilo, Hawaii 96720

March 22, 2006
Date of Imposition of Sentence

_/s/_ 
Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

4-10-06
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

CASE NUMBER: 1:00CR00196-001
DEFENDANT: HENRY LANI

Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | That in or about December 2004 and in or about April 2005, the offender failed to notify the Probation Office 10 days prior to a change in employment | |
| 2 | That a urine specimen submitted on 7/27/2005 tested positive for methamphetamine and marijuana | |
| 3 | That on 7/27/2005, the offender admitted to using marijuana, on a daily basis, for at least the previous 30 days; and that on 8/8/2005, the offender admitted to using methamphetamine, on a daily basis, for at least the previous 30 days | |
| 4 | That on 8/5/2005 and 8/16/2005, the offender refused to comply with drug testing | |
| 5 | That the offender failed to follow the instructions of the Probation Officer issued on 8/8/2005 | |
| 6 | That on 8/22/2005, the offender failed to participate in a screening and assessment at the Big Island Substance Council (BISAC) | |
| 7 | That on 1/31/2006, 2/13/2006, 2/14/2006, 2/21/2006, 2/22/2006, and 2/24/2006, the offender failed to follow the instructions of the Probation Office; and that on 2/13/2006, 2/14/2006, and 2/17/2006, the offender failed to answer truthfully the inquires of the Probation Officer | |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER:     1:00CR00196-001
DEFENDANT:       HENRY LANI

Judgment - Page 3 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 11 MONTHS.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

___

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:00CR00196-001  
DEFENDANT: HENRY LANI

Judgment - Page 4 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 24 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: | 1:00CR00196-001 |
| DEFENDANT: | HENRY LANI |

Judgment - Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office access and the Financial Litigation Unit of the U. S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant refrain from the use and possession of beer, wine, liquor and other forms of intoxicants.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U. S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the defendant serve 180 days community confinement, in a community corrections center such as Mahoney Hale, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

7. That the defendant reside on the island of Oahu and not travel or relocated to the island of Hawaii without the prior approval of the Probation Office.

---

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_Henry Lani_                12/12/06
Defendant                    Date

_[signature]_                12/12/06
United States Probation Officer      Date